IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHERYL LOGGINS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:10-CV-52 |
| | § | |
| DIAGNOSTIC RADIOLOGY OF | § | JUDGE CLARK |
| NACOGDOCHES, P.A., MCKESSON | § | |
| CORPORATION AND COLLECTION, | § | |
| INC. D/B/A CCA AND MORRIS K. | § | |
| JACKSON, M.D., PHD, P.A. D/B/A | § | |
| DIAGNOSTIC RADIOLOGY OF | § | |
| NACOGDOCHES | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Cheryl Loggins, hereinafter called "Plaintiff" and files her First Amended Complaint for the purpose of placing on file her claims in a form consistent with the format for Federal Complaints and in order to re-identify one of the Defendants pursuant to disclosures heretofore served in the above cause. Plaintiff complains of Defendants Morris K. Jackson, M.D., Phd., P.A., d/b/a Diagnostic Radiology of Nacogdoches, (hereinafter called (DRN), Defendant heretofore identified as Diagnostic Radiology of Nacogdoches, P.A.; McKesson Corporation; and Collecto, Inc., d/b/a CCA and for cause of action would show as follows:

I.

All Defendants have been served, appeared herein and filed an answer.

II.

This cause was original filed in the District Court of Angelina County, Texas and was removed to the United States District Court for the Eastern District of Texas, Lufkin Division under

1

28 U.S.C. § 1446(a). This Court has jurisdiction under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681.

This suit is brought under 15 U.S.C. § 1681 and pursuant to Section 618 thereof. Venue is proper in United States District Court for the Eastern District of Texas, Lufkin Division as Plaintiff is a resident of Angelina County, Texas and has asserted Federal claims under 15 U.S.C. § 1681 and State Law claims for slander and defamation.

### III.

For cause of action, Plaintiff would show that Plaintiff's daughter was injured while engaged in a school activity and while enrolled as a student at Huntington Independent School District. Plaintiff's daughter was at the time of her injury covered by an insurance program provided by Huntington Independent School District. As a result of the aforesaid injury, Plaintiff's daughter, Riley Rawlinson underwent a series of x-rays on October 6, 2007. Said x-rays were read by Dr. Morris K. Jackson, a radiologist conducting a medical practice under the name of Morris K. Jackson, M.D., Phd., P.A., d/b/a Diagnostic Radiology of Nacogdoches (DRN). Thereafter, DRN rendered a charge of $363.00 and invoiced Plaintiff for such amount. Plaintiff submitted the invoice to Huntington Independent School District for payment. On February 6, 2008 Huntington Independent School District transmitted its check number 053383 in the amount of $363.00 to DRN at its address of P.O. Box 1888 Greenville, Texas 75403. Said check was deposited in Regions Bank, Nacogdoches, Texas for the account of "Diagnostic Radiology Associates of Nacogdoches Morris K. Jackson, M.D., Phd., P.A." Plaintiff made every reasonable attempt to satisfy the charges of DRN by causing Huntington Independent School District to issue payment in the amount of the invoice of DRN and transmitted such payment to the address contained on the invoice of DRN. Plaintiff has

no knowledge as to why the funds intended for payment to DRN were deposited to the account of Diagnostic Radiology Associates of Nacogdoches Morris K. Jackosn, M.D., Phd., P.A. but avers that if funds were diverted from DRN to Diagnostic Radiology Associates of Nacogdoches Morris K. Jackson, M.D., Phd., P.A. that such diversion was done at the instance and request of the Defendant Morris K. Jackson, M.D., Phd., P.A. d/b/a Diagnostic Radiology of Nacogdoches who was the agent for DRN and that Morris K. Jackson, Morris K. Jackson M.D., Phd., P.A. d/b/a Diagnostic Radiology of Nacogdoches and Diagnostic Radiology Associates of Nacogdoches, P.A. are one and the same.

IV.

Notwithstanding, and upon information and belief, DRN contracted with McKesson Provider Technologies, Defendant through its wholly owned subsidiary PST Services, Inc., d./b/a Per-Se Technologies, a Georgia Corporation to provide and preform billing, accounting and collection services for accounts of DRN.  McKennson Provider Technologies maintains P.O. Box 1888, Greenville, Texas 75943, the address to which the invoice of DRN directed Plaintiff to pay the account held by DRN.  Further, upon information and belief DRN and/or McKesson Provider Technologies engaged the services of Collecto, Inc., d/b/a CCA a privately held national debt management recovery resource company (debt collector) to assert collection claims against Plaintiff, Cheryl Loggins.

After the account for Riley Rawlinson with DRN had been paid on or about February 6, 2008, CCA, acting on behalf of McKesson Provider Technologies and/or DRN began to assert claims on behalf of DRN that Plaintiff had not paid the account and initiated what is commonly called collection efforts against Plaintiff on behalf of all Defendants.  Thereafter, Defendants

reported to credit reporting agencies adverse information against Plaintiff's credit thereby slandering, defaming and injuring Plaintiff's reputation and credit. Defendant published and re-published the defamatory statements concerning the status of Plaintiff's payment of her account with DRN. Such conduct proximately caused damages to Plaintiff.

V.

When Plaintiff learned that Defendants had reported an adverse credit action to the consumer credit reporting agencies, Plaintiff contacted Defendants to request that the adverse action be corrected. Initially Defendants did nothing to correct the incorrect, false and damaging adverse credit information. Defendants failed to employ reasonable procedures to insure compliance with the Federal Fair Credit Reporting Act and failed to properly investigate the status of Plaintiff's account. Defendants reported the adverse credit action to TransUnion and Experian, well known and widely used consumer credit reporting agencies. TransUnion continued to report that Plaintiff had a past due balance on the account with DRN in the month of September, 2008 and further reported that the account had been placed for collection. Equifax another well known and widely used consumer credit reporting agency continued to report the condition of the account as derogatory and that the account was unpaid for a period of at least six (6) months.

Although Plaintiff contacted the Defendants and advised the Defendants that the account had been paid the Defendants failed or refused to acknowledge in writing Plaintiff's dispute of the inaccurate credit reporting and failed to otherwise take reasonable and prudent actions to determine that the adverse credit action was improperly or erroneously reported. Plaintiff was compelled to request and obtain copies of cancelled checks from the bank statements of Huntington Independent School District and to provide Defendants with copies of the cancelled check to verify payment of

the account of DRN. Defendants made no investigation as required by the Fair Credit Reporting Act concerning the Plaintiffs consumer dispute and only after Plaintiff gathered her own proof and submitted it to Defendants was the adverse credit action by the Defendants removed from the reporting to TransUnion and Equifax.

VI.

As a direct and proximate result of Defendants liable, slanderous and defamatory statements published to third persons, Plaintiff's credit was unfairly reported to contain derogatory and adverse statements concerning Plaintiff's payment history of Plaintiff's accounts thereby adversely affecting Plaintiff's credit score. Plaintiff was caused to suffer humiliation, embarrassment and emotional distress. Plaintiff would show unto the Court and jury that due to Defendants unfair, incorrect and untrue statements published to third parties she was caused to pay additional finance charges on her credit activities for which she comes now and sues. Under 15 U.S.C. § 1681n Plaintiff is entitled to recover her actual damages which by statute shall not be less than $1,000.00 and such punitive damages as the Court may allow in order to punish Defendants and to deter them from similar conduct to other persons and in order to punish Defendants for Defendants failure to comply with the Fair Credit Reporting Act 15 U.S.C. § 1681.

VII.

It has become necessary for Plaintiff to engage the services of Clayton E. Dark, Jr., an attorney licensed to practice law in the State of Texas to bring this suit. 15 U.S.C. § 1681 provides for Plaintiff to recover her reasonable attorney's fees and costs of court incurred herein from Defendants.

WHEREFORE, premises considered Plaintiff prays that upon trial hereof Plaintiff recover

her damages, jointly and severely from the Defendants together with punitive damages, reasonable attorney's fees, costs of suit and such other and further relief to which she may show herself justly entitled, either at law or in equity.

        Respectfully submitted,

        LAW OFFICE OF CLAYTON E. DARK, JR.
        P.O. Box 2207
        Lufkin, TX 75902
        Phone: 936-637-1733
        Fax: 936-637-2897

          /s/ Clayton E. Dark, Jr.
        Clayton E. Dark, Jr.
        State Bar No. 05384500
        E-mail: cekrad@yahoo.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system per Local Rule CV-5(a)(3) and via certified mail return receipt requested on the 28th day of June, 2010.

          /s/ Clayton E. Dark, Jr.

Mr. Russell Smith
Attorney
P.O. Box 631668
Nacogdoches, TX 75963-1668
    *CMRR 7009 1410 0002 2842 5975*

Ms. Kristen L. Sherwin
Attorney
5400 Renaissance Tower
1201 Elm St.
Dallas, TX 75270
    *CMRR 7009 1410 0002 2842 5982*

Ms. Kandy E. Messenger
Attorney
2211 Norfolk St., Ste. 1150
Houston, TX 77098
    *CMRR 7009 1410 0002 2842 5999*